■ MARY BEER et al., Respondents, v ROBERT FLORSHEIM, Appellant, et al., Defendant. — Order of the Supreme Court, New York County (Bernard Nadel, J.), entered on June 14, 1982, which denied the motion by defendant Robert Florsheim to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7) is affirmed, with costs and disbursements. The instant matter involves a claim of legal malpractice. The complaint alleges that in January of 1970 plaintiffs retained defendants as attorneys to represent them in an action against the City of New York. Plaintiff Mary Beer allegedly sustained personal injuries as the result of a sidewalk fall on Seventh Avenue in Manhattan which occurred on December 23, 1969. Defendant Robert Florsheim thereafter filed a timely notice of claim and accompanied the plaintiffs to a hearing at the comptroller's office. However, when plaintiffs subsequently made numerous inquiries of defendant as to the status of their case, he purportedly failed to provide them with any information. In March of 1980 defendant supposedly notified plaintiffs that he had procured a settlement offer from the city in the sum of $4,500 and that a release would be forwarded to Mary Beer for her signature. According to plaintiffs, the release was duly executed and returned to defendant, but they never received any money from defendant nor were they able to obtain a response from him regarding the settlement. Plaintiffs ultimately contacted the comptroller's office to ascertain the status of their action. At this time they were advised that no release form had ever been received and, indeed, that no action was pending and that no settlement agreement had ever been reached. Plaintiff thereupon commenced this malpractice action against defendants, charging that as a consequence of defendant Florsheim's failure to institute the suit for which he had been retained, plaintiffs had been deprived of their legal right of action and were now barred by the Statute of Limitations from proceeding further upon their claim against the City of New York. They also asserted that defendants had acted with fraudulent purpose, malice and wrongful intent and that as a result of the neglect and omission of the defendants, plaintiffs were divested of their right to a recovery and determination upon the merits of their contemplated action against the city. By notice of motion dated April 23, 1982, defendant Florsheim moved for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7). It was defendant's position that he did, in fact, bring suit on behalf of plaintiffs against the City of New York and that such action is pending in the Civil Court under index No. 99382/70. Defendant also contended that since he is no longer qualified to practice law in the State of New York, he had on several occasions and without success asked plaintiffs' counsel to make appropriate arrangements to have the file transferred to another lawyer for the purpose of continuing the case against the city. Attached to his motion papers was a copy of the summons served upon the City of New York in June of 1970, a notice of

appearance by the city in connection with that matter and the city's demand for a bill of particulars. In opposition to defendant's motion to dismiss, plaintiff Mary Beer asserted that although the suit may have been commenced, no further activity had apparently ever taken place, thus indicating defendant's negligence in failing to exercise proper care in representing plaintiffs. She also argued that a lawsuit which has been pending for so many years is certainly dead. Moreover, plaintiffs' attorney submitted an affirmation, claiming that defendant had abandoned the case against the city without the knowledge, consent or authorization of his clients. Included with plaintiffs' papers was a copy of defendant's letter directing plaintiffs to execute the release, as well as a copy of the executed release. Defendant thereafter interposed a reply in which he stated that since the documentary evidence establishes that a suit was instituted against the City of New York, the complaint against him, which is based on a claim that he permitted the Statute of Limitations to lapse, must be dismissed. Special Term, in denying the motion to dismiss, concluded that: "A motion under CPLR 3211 (7) may not succeed if on reading the complaint any cause of action can be made out. (Guggenheimer v. Ginzburg, 43 N.Y.2d 268). The complaint in the instant action alleges that the defendant committed fraud, deceit, misrepresentation, malpractice, negligence, carelessness and improper actions in the handling of the plaintiffs' claim against the City of New York for injuries sustained on December 23, 1969. Proof by the defendants that an action was instituted against the City of New York in 1970 is insufficient to warrant dismissal of the plaintiffs' complaint pursuant to CPLR 3211 (a) (1) and (7)." We agree with the decision by Special Term. In *Guggenheimer v Ginzburg* (43 NY2d 268, 275), the Court of Appeals, in discussing the issue of whether a particular complaint is sufficient, declared that "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail". In that regard, plaintiffs' complaint does not merely consist of conclusory allegations. While the record reveals that defendant filed a notice of claim and commenced suit against the City of New York, no further action appears to have been taken by defendant on plaintiffs' behalf notwithstanding repeated requests for information made by his clients. The fact that defendant was suspended from the practice of law on May 17, 1979 and, thereafter disbarred, effective November 3, 1980, is beside the point. He may have been precluded from prosecuting the case subsequent to May 17, 1979 but that does not explain his lack of activity prior thereto. Moreover, defendant not only failed to take affirmative steps to prosecute plaintiffs' case, he falsely represented to them that he had obtained a settlement of their claim. There is documentary evidence to support plaintiffs' assertion to that effect. Whether or not the action against the city is still viable after all these years goes to the merits of plaintiffs' cause of action. Similarly, the amount of plaintiffs' loss, if any, caused by defendant's purported malpractice is significant in assessing damages. In neither event is dismissal of the complaint warranted. An attorney is liable "if it can be proved that his conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession" (*Grago v Robertson,* 49 AD2d 645, 646). The complaint clearly sets forth a cause of action that defendant did not exercise an ordinary and reasonable degree of care and skill with respect to plaintiffs' suit against the City of New York. Accordingly, Special Term properly denied defendant's motion to dismiss. Concur — Murphy, P. J., Sullivan and Milonas, JJ.; Silverman and Kassal, JJ., each dissent in a separate memorandum.

Silverman, J. (dissenting). I would grant defendant Florsheim's motion to dismiss the complaint under CPLR 3211 (subd [a], par 1) — a defense founded

upon documentary evidence — and grant plaintiffs leave to serve an amended complaint which takes cognizance of the fact that an action was begun by defendants on plaintiffs' behalf. The action is for alleged malpractice by defendants' attorneys as attorneys. The complaint contains essentially two allegations of fact as to malpractice, (1) an allegation that defendants never instituted an action on plaintiffs' behalf, and (2) that defendant Florsheim advised plaintiff that he had obtained a settlement in the sum of $4,500 and requested plaintiff to sign a release, which she did, although it really was never delivered. It appears undisputable from court records that in 1970 defendants did institute an action on plaintiffs' behalf in the Civil Court. The other allegation of fact, while certainly alleging reprehensible conduct on the part of defendants, is not shown to have caused any damage to plaintiffs. The remaining allegations of the complaint are essentially conclusory. It is apparently plaintiffs' present contention that even if defendants did institute an action on plaintiffs' behalf 13 years ago, they have since neglected the action. Whether that be true or not, the complaint should not proceed on a premise (that the action has not been commenced) which is shown by documentary evidence not to be so.

Kassal, J. (dissenting). I concur in the views expressed by Justice Silverman in his dissent and would reverse the order and dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7). The action was brought to recover for malpractice by defendant Florsheim upon allegations that he failed to commence and/or prosecute an action on plaintiff's behalf against the City of New York to recover for injuries sustained when plaintiff fell on Seventh Avenue in New York City on or about December 23, 1969. It is also claimed that defendant deceived plaintiff into believing that he had obtained a settlement in the negligence action in the sum of $4,500, and requested that plaintiff execute a release for that purpose. However, undisputed on this record is that, in June, 1970, defendant did institute an action on plaintiff's behalf in the Civil Court against the city by service of a summons and indorsed complaint. Florsheim had been disbarred on October 2, 1980, effective November 3, 1980. Prior thereto, on May 17, 1979, he was suspended from practice pending the results before the departmental disciplinary committee. As a result, at least since May of 1979, he has been effectively precluded from practicing law and, insofar as concerns plaintiffs, from proceeding with any prosecution of the underlying action. In moving to dismiss, Florsheim alleges that the underlying action is still pending but he is precluded from proceeding to place the case on the Trial Calendar by reason of his having been the subject of disciplinary action. His attorney in this action requested that plaintiffs secure new counsel. Under the circumstances, since it appears that an action was commenced by defendant and is presently pending, no claim sounding in malpractice would accrue nor could an action be brought until disposition of the underlying action (*Siegel v Kranis,* 29 AD2d 477, 480). There, the Appellate Division, Second Department, observed (p 480): "The negligence which the plaintiffs assert could not come to light until the conclusion of the litigation, that is, when the permanent stay of arbitration resulted because of the late service of the notice of claim. Surely it would be premature and even presumptuous of the plaintiffs to institute an action against the defendant prior to the definitive determination through the process of the court of the defect in complying with the statutory mandates." To recover herein plaintiffs must establish these necessary elements: (1) The underlying action is meritorious and constitutes the basis for an award therein; and (2) The amount of such award, which would be an element of damage suffered in this action. It is obvious that these two factors, critical in the determination of this action, may not be resolved in plaintiffs' favor at this point, thereby rendering the malpractice action moot

until such time. To the extent that plaintiffs seek to recover for the manner by which defendant conducted the prosecution of the underlying action or for any fraud or deceit in connection with any purported settlement which never came to fruition, it is clear that plaintiffs have, at this time, suffered no loss attributable to the claimed malpractice until termination of that action. While the record reflects that the release was executed by plaintiffs during the period that Florsheim had been suspended from practice, whether that fact has any bearing upon the claim of malpractice cannot be determined on this record and, in any event, cannot be ascertained until the underlying action has been concluded. In view of the uncontested viability of the Civil Court action at this time, there is no resulting prejudice and no loss to plaintiffs. Therefore, the action is premature since there is presently no cognizable claim for relief. Accordingly, the complaint should be dismissed, without prejudice to plaintiffs' right to seek such relief as they deem appropriate following resolution of the underlying action.