■ DOUGLAS ESPOSIT et al., Respondents, v ANDERSON KILL OLICK & OSHINSKY, P. C., Appellant. [655 NYS2d 401] —In an action to recover damages for legal malpractice, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 22, 1995, as denied its cross motion for summary judgment dismiss-

ing the complaint, or in the alternative, for a stay pending resolution of an action in the Supreme Court, New York County, entitled *Esposit v Best Med. Supply Corp.*, Index No. 109708/93, and (2) from an order of the same court (Berler, J.), entered February 26, 1996, which denied its motion for renewal.

Ordered that the order dated June 22, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 26, 1996, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendant's cross motion for summary judgment was properly denied. The defendant failed to satisfy its burden of showing entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404).

The defendant's alternative request for a stay of the action pending resolution of *Esposit v Best Med. Supply Corp.* in Supreme Court, New York County, was properly denied as well. Although the actions arose out of the same set of transactions, they do not share complete identity of issues or parties which would warrant granting a stay (*see, e.g., Bennell Hanover Assocs. v Neilson*, 215 AD2d 710; *Bridgemarket Assocs. v City of New York*, 190 AD2d 561; *Hope's Windows v Albro Metal Prods. Corp.*, 93 AD2d 711; *Abrams v Xenon Indus.*, 145 AD2d 362). Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.