■ Antonio Mourtil, Respondent, v Korman & Stein, P.C., et al., Appellants, et al., Defendant. [822 NYS2d 779]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Korman & Stein, P.C., and Jonathan Stein appeal from (1) an order of the Supreme Court, Nassau County (Alpert, J.), dated May 3, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them or, in the alternative, to stay all proceedings in the action pending determination of an underlying action entitled *Mourtil v Peng,* pending in the Supreme Court, Queens County, under index No. 26686/03, and (2) an order of the same court

also dated May 3, 2005, which denied their renewed motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs.

In this action, the plaintiff alleges, inter alia, that the appellants, Korman & Stein, P.C., and Jonathan Stein, provided negligent legal representation in an action against nonparties Chi Ming Peng and Chen Shing Peng (hereinafter collectively the Pengs) to compel specific performance of a contract for the sale of real property. The action for specific performance against the Pengs was dismissed for lack of personal jurisdiction after it was determined that the Pengs were not properly served with process. In the action at bar, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff's contract with the Pengs had been validly terminated and, therefore, the plaintiff would not have been successful in his action against the Pengs to compel specific performance of the contract. Alternatively, the appellants sought a stay of the action insofar as asserted against them pending determination of a subsequent action commenced by the plaintiff against the Pengs to recover damages for breach of the same contract. After additional disclosure, the appellants renewed their motion for summary judgment on the additional ground that the plaintiff's damages were speculative. The Supreme Court denied both motions. We affirm.

To prevail in an action to recover damages for legal malpractice, "a plaintiff must establish that (1) the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, (2) the attorney's negligence was a proximate cause of the loss sustained, (3) the plaintiff incurred damages as a direct result of the attorney's actions, and (4) the plaintiff would have been successful if the attorney had exercised due care" (*Avery v Sirlin,* 26 AD3d 451, 451-452 [2006] [internal quotation marks deleted]; *see Natale v Samel & Assoc.,* 308 AD2d 568, 569 [2003]). Here, in support of their motion, inter alia, for summary judgment dismissing the complaint, the appellants failed to make a prima facie demonstration that the plaintiff's contract with the Pengs had been validly cancelled. Consequently, the appellants failed to make a prima facie demonstration, inter alia, that the plaintiff would not have been successful in his initial action against the Pengs notwithstanding the appellants' alleged negligence. Thus, this branch of the appellants' motion was properly denied regardless of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986];

*Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Kaminsky v Waldner,* 19 AD3d 370 [2005]).

To the extent that the appellants made a prima facie demonstration that certain of the plaintiff's damages were speculative, in support of their renewed motion for summary judgment, the plaintiff's opposition papers raised triable issues of fact (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Thus, the renewed motion was also properly denied.

Finally, the Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was for a stay (*see Esposit v Anderson Kill Olick & Oshinsky,* 237 AD2d 246 [1997]; *Bennell Hanover Assoc. v Neilson,* 215 AD2d 710 [1995]; *Bridgemarket Assoc. v City of New York,* 190 AD2d 561 [1993]).

The appellants' remaining contentions are without merit. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.