■ HELEN OBERKIRCH, Respondent, v CHARLES G. EICHINGER, P.C., et al., Appellants. [827 NYS2d 192]—

In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 19, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

In April 1996 the plaintiff retained the defendants to prosecute a personal injury action on her behalf. The defendants initiated the action for the plaintiff and the corporate tortfeasor defaulted. The defendants did not seek a default judgment in the personal injury action, however, for almost four years, at which point, in October 2002, the plaintiff discharged the defendants. The plaintiff commenced the instant legal malpractice action in January 2003 and in November 2003 obtained a default judgment against the corporate tortfeasor in the underlying personal injury action. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the defendants appeal.

The defendants' admitted failure to pursue a default judgment for a period exceeding three years supported the plaintiff's claim of legal malpractice (*see Wolstencroft v Sassower,* 124 AD2d 582 [1986]; *Bonilla v Abbott,* 113 AD2d 861 [1985]; *Beer v Florsheim,* 96 AD2d 485 [1983]). Nevertheless, the defendants established their prima facie entitlement to judgment as a matter of law. To prevail on a claim of legal malpractice, a plaintiff must establish that " '(1) the attorney failed to exercise the care, skill, and diligence commonly possessed by a member of the legal profession, (2) the attorney's conduct was a proximate cause of the loss sustained, (3) the plaintiff suffered actual damages as a direct result of the attorney's action or inaction, and (4) but for the attorney's negligence, the plaintiff would have prevailed in the underlying action' " (*Moran v McCarthy, Safrath & Carbone, P.C.,* 31 AD3d 725, 725-726 [2006], quoting *Lichtenstein v Barenbaum,* 23 AD3d 440 [2005]). A defendant, to prevail on a motion for summary judgment, must "tender evidence in admissible form establishing that the plaintiff is unable to prove at least one of the essential elements" (*Terio v*

*Spodek,* 25 AD3d 781, 784 [2006]; *see Crawford v McBride,* 303 AD2d 442 [2003]; *Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572 [1999]).

Since the plaintiff ultimately obtained a default judgment against the corporate tortfeasor, the defendants' delay in obtaining a default judgment was not the proximate cause of the plaintiff's damages unless the delay rendered the default judgment ultimately *obtained in the underlying tort* action unenforceable. The plaintiff's mere assertion that the defendants' delay rendered her default judgment unenforceable, without a proffer of an expert opinion in admissible form or the provision of some factual predicate for her assertion, was speculative and was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., Goldstein, Spolzino and Skelos, JJ., concur.