(February 5, 2008)

■ Lorenzo Carrasco, Appellant, v Pena & Kahn et al., Respondents, et al., Defendants. [853 NYS2d 84]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated August 15, 2006, as granted the motion of the defendants Pena & Kahn, Steven L. Kahn, and Jesus Pena for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence (*id.* at 442). To make a prima facie showing on a motion for summary judgment, the attorney must present admissible evidence that the plaintiff cannot prove at least one of the essential elements of a legal malpractice claim (*see Levy v Greenberg,* 19 AD3d 462 [2005]; *Crawford v McBride,* 303 AD2d 442 [2003]; *Shopsin v Siben & Siben,* 268 AD2d 578 [2000]; *Ippolito v McCormack, Damiani, Lowe & Mellon,* 265 AD2d 303 [1999]).

Here, on their motion, the defendants Pena & Kahn, Steven L. Kahn, and Jesus Pena (hereinafter the defendants) demonstrated their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), by establishing, prima facie, that their conduct was not a proximate cause of any loss to the plaintiff (*see Goldberg v Lenihan,* 38 AD3d 598, 599 [2007]). Since, in opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324), the Supreme Court correctly granted the defendants' motion (*see Goldberg v Lenihan,* 38 AD3d at 599). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.