ABDUL MALIK, Respondent, v KENNETH BEAL, Appellant, and JOSEPH SIEGEL, Respondent. [864 NYS2d 153]—

In an action to recover damages for breach of contract and legal malpractice, the defendant Kenneth Beal appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated November 26, 2007, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him or, in the alternative, to stay all proceedings in the action insofar as asserted against him, pending disposition of the plaintiff's cause of action against the defendant Joseph Siegel.

Ordered that the order is affirmed, with costs.

In May 2006 the plaintiff Abdul Malik, as purchaser, entered into a contract with the defendant Joseph Siegel, as seller, to purchase certain multiuse commercial real property and improvements. The plaintiff retained the defendant attorney Kenneth Beal to negotiate the terms and conditions of the contract. The executed contract contained a provision that "[a]t closing, the Seller shall deliver copies of all existing Certificates of Occupancy for the premises." Subsequently, Siegel refused to produce certificates for all of the buildings and improvements on the premises, asserting that they did not exist and that he had no obligation under the language of the contract to procure and deliver them. As a result, the plaintiff was unable to obtain financing for the acquisition, and Siegel declared the plaintiff in breach of the contract and retained the plaintiff's down payment of $173,000.

The plaintiff commenced this action against Beal and Siegel, asserting a legal malpractice cause of action against Beal and a breach of contract cause of action against Siegel.

Beal moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him or, in the alternative, to stay the action against Beal pending the determination of the plaintiff's cause of action against Siegel. The Supreme Court denied the motion in its entirety.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the

court must determine, accepting as true the factual averments of the complaint and according the plaintiff every benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts stated (*see Simmons v Edelstein,* 32 AD3d 464, 465 [2006]; *Manfro v McGivney,* 11 AD3d 662, 663 [2004]).

To prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant did not "exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]; *Erdman v Dell,* 50 AD3d 627 [2008]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the attorney's negligence (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442). Here, Beal contends that the plaintiff's complaint fails to state a cause of action to recover damages for legal malpractice because he cannot establish the "but for" element. We disagree.

In his complaint, the plaintiff alleges that Beal, inter alia, negligently negotiated the terms and conditions of the contract of sale, thereby permitting Siegel to refuse to procure and deliver the necessary certificates of occupancy for the improvements on the subject premises so that he could obtain financing for the sale. As a result, the complaint alleges that the plaintiff has been damaged by Siegel's retention of the $173,000 down payment.

Taking these allegations as true and according the plaintiff the benefit of every possible favorable inference, we find they state a legally cognizable cause of action to recover damages for legal malpractice (*see Gelfand v Oliver,* 29 AD3d 736 [2006]).

The Supreme Court providently exercised its discretion in denying Beal's motion for a stay (*see Mourtil v Korman & Stein, P.C.,* 33 AD3d 898, 899 [2006]; *Esposit v Anderson Kill Olick & Oshinsky,* 237 AD2d 246 [1997]). Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.