■ SUSAN BOGLIA, Appellant, v EDWARD C. GREENBERG et al., Respondents. [882 NYS2d 215]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (De Maro, J.), entered December 27, 2007, which denied her motion for summary judgment on the first and fifth causes of action and for summary judgment dismissing the counterclaim to recover outstanding legal fees, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint and for summary judgment on the counterclaim to recover outstanding legal fees.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the second and fifth causes of action and for summary judgment on the counterclaim to recover outstanding legal fees and substituting thereof provisions denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff retained the defendants to represent her in a matrimonial action seeking, inter alia, equitable distribution of the marital assets, which primarily consisted of a residence that the plaintiff and her former husband resided in during the marriage. It was undisputed that the residence was inherited by the former husband prior to the marriage. During the course of the underlying action, the plaintiff terminated the defendants' representation of her and hired another attorney, who had previously been employed by the defendants, to represent her. The plaintiff eventually settled the underlying action with her former husband before proceeding to trial and received a settlement in the amount of $200,000.

The plaintiff commenced this action against the defendants seeking, inter alia, to recover damages for legal malpractice alleging that the defendants negligently advised her of her rights to equitable distribution of the residence, and failed to communicate an offer of settlement to her in the amount of $250,000. She also sought to recover legal fees already paid to the defendants on the grounds that the fees were excessive and that she had discharged the defendants for cause. The defendants brought a counterclaim against the plaintiff seeking to recover outstanding legal fees.

To sustain a cause of action alleging legal malpractice, a plaintiff must establish that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman,* 99 NY2d 295, 301-302 [2002]; *see Bauza v Livington,* 40 AD3d 791, 792-793 [2007]; *Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen,* 303 AD2d 561, 562 [2003]). To obtain summary judgment dismissing a complaint in an action to recover damages for legal malpractice, a defendant must demonstrate that the plaintiff is unable to prove at least one of the essential elements of its legal malpractice cause of action (*see Kotzian v McCarthy,* 36 AD3d 863, 863 [2007]; *Fasanella v Levy,*

27 AD3d 616, 616 [2006]). The defendants met their burden of establishing entitlement to judgment as a matter of law by demonstrating that the plaintiff would be unable to prove that, but for the defendants' alleged negligent advice regarding her rights to equitable distribution, she would have prevailed in the underlying action had it proceeded to trial. The plaintiff, in opposition, failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action, alleging legal malpractice based upon the defendants' alleged negligent advice regarding her rights to equitable distribution of the residence, and properly denied that branch of the plaintiff's motion which was for summary judgment on that cause of action (*see Oberkirch v Charles G. Eichinger, P.C.*, 35 AD3d 558, 559 [2006]).

However, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action, alleging legal malpractice based upon their alleged failure to convey her former husband's $250,000 settlement offer to her, as triable issues of fact exist regarding whether the defendants failed to convey the settlement offer to the plaintiff and whether the plaintiff would have accepted that offer (*cf. Bauza v Livington,* 40 AD3d at 793).

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages pursuant to Judiciary Law § 487 (1). A violation of Judiciary Law § 487 (1) may be established "either by the defendant's alleged deceit or by an alleged chronic, extreme pattern of legal delinquency by the defendant" (*Knecht v Tusa,* 15 AD3d 626, 627 [2005]; *see Izko Sportswear Co., Inc. v Flaum,* 25 AD3d 534 [2006]). The defendants met their burden of establishing entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain any damages which were proximately caused by the defendants' alleged deception or by an alleged chronic, extreme pattern of legal delinquency (*see O'Connell v Kerson,* 291 AD2d 386 [2002]; *O'Connor v Dime Sav. Bank of N.Y.,* 265 AD2d 313 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). The Supreme Court also properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Judiciary Law § 487 (2). The defendants made a prima facie showing of their entitlement to judgment as

a matter of law by establishing that there was no evidence that they wilfully delayed the plaintiff's lawsuit with a view toward their own gain (*see* Judiciary Law § 487 [2]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Neither party was entitled to summary judgment on the fifth cause of action, to recover legal fees already paid to the defendants on the grounds that the defendants were discharged for cause and that the fees charged were excessive, or on the defendants' counterclaim seeking outstanding legal fees. Contrary to the defendants' contention, the fifth cause of action was not duplicative of the legal malpractice causes of action. Additionally, there are questions of fact regarding the defendants' alleged negligent representation of the plaintiff (*see York v Landa,* 57 AD3d 980 [2008]).

The parties' remaining contentions are without merit. Skelos, J.P., Fisher, Hall and Lott, JJ., concur.