MICHELLE G. SCARTOZZI, Appellant, et al., Plaintiff, v ALEXANDER POTRUCH et al., Respondents. [898 NYS2d 252]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff Michelle G. Scartozzi appeals from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated May 14, 2008, as, upon so much of an order of the same court dated February 2, 2005, as denied her motion for summary judgment on the first and fourth causes of action, and upon so much of an order of the same court dated February 22, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by her, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which are in favor of the defendants and against the plaintiff Michelle G. Scartozzi dismissing the first cause of action insofar as it alleges legal malpractice and the third cause of action insofar as it alleges legal malpractice in failing to present certain evidence at trial in the matrimonial action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the order dated February 22, 2008, is modified accordingly, and the first cause of action insofar as it alleges legal malpractice and the third cause of action insofar as it alleges legal malpractice in failing to present certain evidence at trial in the matrimonial action are severed.

Contrary to the contention of the plaintiff Michelle G. Scartozzi (hereinafter the plaintiff), the Supreme Court properly denied, in its order dated February 2, 2005, those branches of her motion which were for summary judgment on the issue of liability on the first and fourth causes of action. Although an attorney's affirmation may suffice as expert opinion establishing "[a] basis for judging the adequacy of professional service" in a legal malpractice action (*Zasso v Maher*, 226 AD2d 366, 367 [1996]), the attorney's affirmation submitted in support of the plaintiff's motion was insufficient to show, prima facie, that the defendants were negligent in advising the plaintiff to waive, in the underlying matrimonial action, her right pursuant to Domestic Relations Law § 237 (a) to request an award of counsel fees with respect to prior counsel who represented her in that action. Moreover, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the fourth cause of action, pursuant to which she alleged that, in the matrimonial action, the Supreme Court fixed the defendants' fees at $90,000 and that, therefore, they were not entitled to recover any additional fees. In view of the plaintiff's failure to demon-

strate her prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the fourth cause of action, as well as the fifth cause of action alleging that the defendants improperly entered into a stipulation with prior counsel on the plaintiff's behalf. In opposition to the defendants' prima facie showing with respect to those causes of action, the plaintiff failed to raise a triable issue of fact.

Furthermore, as the defendants correctly argue, so much of the first cause of action as alleged, and the second cause of action alleging, breach of contract were duplicative of the cause of action alleging legal malpractice, as there was no evidence that the defendants promised to obtain a particular result (*see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). Accordingly, the Supreme Court properly dismissed the second cause of action, and the first cause of action insofar as it alleged breach of contract.

However, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as it alleged legal malpractice. Contrary to the defendants' contention, the Supreme Court erred in determining that collateral estoppel barred the plaintiff from challenging as legal malpractice the defendant's advice that she waive her right to seek prior counsel fees in the matrimonial action because she sought, unsuccessfully, to set aside the stipulation waiving the fees. In order to invoke the doctrine of collateral estoppel, (1) the identical issue must have necessarily been decided in the prior action and be decisive of the present action, and (2) the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 899 [2009]). Here, the issue of whether the stipulation could be set aside was not identical to the issue of whether the defendants were negligent in advising the plaintiff to waive the fees. Thus, the plaintiff is not precluded from asserting a cause of action alleging legal malpractice based on the defendants' allegedly negligent advice (*see Bishop v Maurer*, 9 NY3d 910, 911 [2007]).

To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must pre-

sent evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice (*see Boglia v Greenberg*, 63 AD3d 973, 974 [2009]; *Fasanella v Levy*, 27 AD3d 616 [2006]; *Suydam v O'Neill*, 276 AD2d 549, 550 [2000]). Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law by presenting admissible evidence establishing that the plaintiff could not prove that, in advising her to waive her right to request an award of her prior counsels' fees, they "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third cause of action insofar as it alleged that they were negligent in giving incorrect information to successor counsel concerning the date by which the plaintiff's motion pursuant to CPLR 4404 had to be filed. In opposition, the plaintiff failed to raise a triable issue of fact. However, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on the third cause of action insofar as it alleged that the defendants failed to present certain evidence at trial.

Since the defendants were not entitled to summary judgment dismissing the first and third causes of action in their entirety, we modify the judgment accordingly.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.