■ ELLEN GELOBTER, Appellant, v ARYEH Fox, Also Known as CHRISTIAN Fox, et al., Defendants, and ALISA SCHIFF, ESQ., et al., Respondents. G. ALEXANDER NOVAK, Nonparty Appellant. [935 NYS2d 59]—

The motion to dismiss the appeal from the order entered October 7, 2010, must be granted. The plaintiff's underlying motion, although denominated as one for leave to renew and reargue, was, in actuality, a motion for leave to reargue, the denial of which is not appealable (see *Coccia v Liotti*, 70 AD3d 747 [2010]).

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff

to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Malik v Beal*, 54 AD3d 910, 911 [2008]; *Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Boglia v Greenberg*, 63 AD3d 973, 974 [2009]; *Carrasco v Pena & Kahn*, 48 AD3d at 396).

The defendants Alisa Schiff and Schiff & Skurnik, PLLC (hereinafter together the Schiff defendants), who served as the plaintiff's attorney with respect to the drafting, and the execution by the plaintiff, of a contract to sell her home (hereinafter the contract of sale), and the defendant Michael Gross, who served as the plaintiff's attorney for the related real estate closing, failed to meet this burden. Contrary to the Supreme Court's conclusion, the Schiff defendants and Gross failed to demonstrate, prima facie, that the plaintiff did not sustain any actual or ascertainable damages as a result of their alleged negligence. The contract of sale provided that the purchase price of the plaintiff's home was $615,000, with the plaintiff to credit the purchaser with the sum of $155,000 at the closing. Approximately $241,000 of the proceeds of the sale went to satisfy the plaintiff's mortgage, and the plaintiff received approximately $216,000. The Schiff defendants and Gross failed to eliminate triable issues of fact as to the propriety of the $155,000 credit to the purchaser and other disbursements made of the proceeds, and thus, as to whether the plaintiff should have obtained more money for the sale of her home than she received.

Gross further failed to eliminate all triable issues of fact as to whether he was negligent in his representation of the plaintiff during the closing by, inter alia, permitting certain disbursements to be made in a manner contrary to that provided for in the relevant documents, such as the agreement the plaintiff allegedly entered into with a broker, the defendant Aryeh Fox.

Aside from the contention that the plaintiff did not sustain any actual and ascertainable damages, the Schiff defendants argued only that they were entitled to summary judgment on the basis that their conduct was not the proximate cause of any damages to the plaintiff. The Schiff defendants failed to meet their prima facie burden on the issue of proximate cause, as they merely established, in this respect, that they did not participate in the real estate closing. However, this fact did not ne-

gate any negligence on their part in the drafting of the contract of sale, which the plaintiff signed under Schiff's representation, and in connection with alleged alterations made to the purchase price on the contract prior to the real estate closing. In other words, as the contract of sale had already been signed and altered before the real estate closing, contrary to the Schiff defendants' contention, they did not establish as a matter of law that Gross had "a sufficient opportunity to protect the plaintiffs' rights" (*Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 641 [2008]), such that Schiff's conduct could not have proximately caused the plaintiff's damages.

The Supreme Court further erred by, in effect, granting those branches of the separate motions of the defendant Jared W. Beschel, the defendant River Edge Land Services, Inc., the Schiff defendants, and Gross, which were for an award of sanctions against the plaintiff and her attorneys and directing that a hearing be held on the amount of sanctions. Conduct during litigation is frivolous and subject to sanction and/or the award of costs, as relevant here, when "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law," or it is undertaken primarily to "harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 431 [2005]; *Tyree Bros. Envtl. Servs. v Ferguson Propeller*, 247 AD2d 376, 377 [1998]). As evidenced by our determination of this appeal, the plaintiff's commencement of the action and opposition to the motions to dismiss and for summary judgment were not completely without merit in law or fact, and were not intended primarily to harass or maliciously injure the defendants.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.