■ TIBOR GERSHKOVICH et al., Respondents, v MILLER, ROSADO & ALGIOS, LLP, et al., Appellants. [945 NYS2d 567]—

In an action, inter alia, to recover damages for legal malprac-

tice, the defendant Miller, Rosado & Algios, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 15, 2011, as denied that branch of its motion which was for summary judgment dismissing the legal malpractice cause of action insofar as asserted by the plaintiffs Tibor Gershkovich and Galina Gershkovich against it, and the defendant Arthur Welsher separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the legal malpractice cause of action insofar as asserted by the plaintiffs Tibor Gershkovich and Galina Gershkovich against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Malik v Beal*, 54 AD3d 910, 911 [2008]; *Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Boglia v Greenberg*, 63 AD3d 973, 974 [2009]; *Carrasco v Pena & Kahn*, 48 AD3d at 396).

Here, the Supreme Court properly determined that the defendant Arthur Welsher failed to establish, prima facie, that the plaintiffs Tibor Gershkovich and Galina Gershkovich (hereinafter together the respondents) were unable to prove the essential elements of their legal malpractice cause of action insofar as asserted against that defendant (*see Gelobter v Fox*, 90 AD3d 829, 831 [2011]; *Suppiah v Kalish*, 76 AD3d 829, 832 [2010]; *Ali v Fink*, 67 AD3d 935, 937 [2009]; *Terio v Spodek*, 25 AD3d 781, 785 [2006]; *see also M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C.*, 90 AD3d 1208, 1209 [2011]).

The Supreme Court also properly determined that although the defendant Miller, Rosado & Algios, LLP, established its prima facie entitlement to judgment as a matter of law dismissing the legal malpractice cause of action insofar as asserted by the respondents against it, the respondents raised triable issues

of fact in opposition (see *Silva v Worby, Groner, Edelman, LLP*, 54 AD3d 634 [2008]; *see also Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Nelson v Roth*, 69 AD3d 912, 913 [2010]; *Boglia v Greenberg*, 63 AD3d at 975; *Mourtil v Korman & Stein, P.C.*, 33 AD3d 898, 900 [2006]).

Accordingly, the Supreme Court properly denied those branches of the defendants' motions which were for summary judgment dismissing the legal malpractice cause of action insofar as asserted by the respondents against each of them. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.