■ SOKOL BIBERAJ, Respondent-Appellant, v FRANK A. ACO-CELLA, Appellant-Respondent. [993 NYS2d 64]—

In an action, inter alia, to recover damages for fraud and legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered October 2, 2012, as denied those branches of his motion which were for summary judgment dismissing the causes of action to recover damages for fraud, money had and received, constructive trust, and breach of contract, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty, negligence, and legal malpractice.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for fraud and breach of contract, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendant, an attorney licensed in New York, met in or about 2001, when the plaintiff sought the defendant's legal representation. The parties established a business relationship, which later evolved into a friendship. In 2007, upon the defendant's recommendation, the plaintiff made an investment of $260,000 in an enterprise known as Agape World (hereinafter Agape), which purportedly used investor money to

provide bridge loans to businesses, and paid interest to the investors. The defendant allegedly also invested large sums of his own money in Agape. In 2008, it was revealed that Agape was, in fact, a Ponzi scheme, in which new investors' funds were used to pay earlier investors' returns. The plaintiff and the defendant allegedly lost their investments in Agape.

In July 2009, the plaintiff commenced the instant action to recover damages for fraud (first cause of action), breach of fiduciary duty (second cause of action), negligence (third cause of action), money had and received (fourth cause of action), legal malpractice (fifth cause of action), based on a constructive trust (sixth cause of action), and for breach of contract (seventh cause of action). After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty, negligence, and legal malpractice, and denied the remaining branches of the motion. The defendant appeals and the plaintiff cross-appeals from stated portions of this order.

To recover damages for legal malpractice, a plaintiff must prove the existence of an attorney-client relationship (*see Berry v Utica Natl. Ins. Group*, 66 AD3d 1376 [2009]; *Rechberger v Scolaro, Shulman, Cohen, Fetter & Burstein, P.C.*, 45 AD3d 1453 [2007]; *Moran v Hurst*, 32 AD3d 909, 910 [2006]). A plaintiff is also required to establish that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d 716, 717 [2012]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d at 717).

Here, in support of that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice, the defendant met his prima facie burden of establishing that he had no attorney-client relationship with the plaintiff referable to the plaintiff's investment in Agape (*see Volpe v Canfield*, 237 AD2d 282, 283 [1997]). In

opposition, however, the plaintiff raised a triable issue of fact as to the existence of an attorney-client relationship in that context. Moreover, with regard to this cause of action, the defendant failed to show, prima facie, that he exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in allegedly advising the plaintiff regarding Agape, or that the alleged breach of this duty did not proximately cause the plaintiff to sustain damages. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice.

The Supreme Court should have granted those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for fraud and breach of contract as duplicative of the cause of action to recover damages for legal malpractice, because they arose from the same facts as the legal malpractice cause of action, and do not allege distinct damages (*see Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *Scartozzi v Potruch*, 72 AD3d at 789).

The parties' remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.