■ HENRIETTE LOUZOUN, Also Known as H. MALKA LOUZOUN, Appellant, v KROLL MOSS AND KROLL, LLP, et al., Respondents. [32 NYS3d 172]—

In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), entered January 24, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated January 28, 2014, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced an action for a divorce and ancillary relief against her former husband and retained the defendants to represent her in that action. The action ended in a judgment that resolved issues including child support and visitation that the plaintiff and her former husband were unable to stipulate to before trial. Approximately three years later, the plaintiff commenced this action to recover damages for legal malpractice. The plaintiff alleged that the defendant failed to ascertain the full extent of her former husband's income, and failed to make an adequate record before the matrimonial court regarding her former husband's level of adherence to the tenets of Orthodox Judaism and the needs of their children not to have visitation with the former husband on the Jewish Sabbath and holidays. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge com-

monly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011] [internal quotation marks omitted]; *see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015]; *Leder v Spiegel*, 9 NY3d 836, 837 [2007]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 441 [2007]; *Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566, 566 [2011]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]; *Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2008]). "[A] plaintiff must plead and prove actual, ascertainable damages as a result of an attorney's negligence" (*Dempster v Liotti*, 86 AD3d at 177; *see Wray v Mallilo & Grossman*, 54 AD3d at 329; *Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 566). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (*Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012] [citations omitted]; *see Financial Servs. Veh. Trust v Saad*, 137 AD3d 849 [2016]; *Dempster v Liotti*, 86 AD3d at 177; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]; *Riback v Margulis*, 43 AD3d 1023, 1023 [2007]).

Although an attorney's affirmation may serve as an expert opinion establishing "[a] basis for judging the adequacy of professional service" (*Zasso v Maher*, 226 AD2d 366, 367 [1996]; *see Landa v Blocker*, 87 AD3d 719, 722 [2011]; *Scartozzi v Potruch*, 72 AD3d 787, 788 [2010]), here, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the affirmation submitted by the plaintiff, herself an attorney, was insufficient to raise a triable issue of fact as to whether the defendants were negligent in their representation of her in the underlying matrimonial action (*see Scartozzi v Potruch*, 72 AD3d at 788-789). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and dismissed the complaint. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.