Bakcheva v Law Offs. of Stein & Assoc. (2019 NY Slip Op 00844)





Bakcheva v Law Offs. of Stein & Assoc.


2019 NY Slip Op 00844


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-07608
 (Index No. 2448/12)

[*1]Viktoriya Bakcheva, etc., respondent, 
v
Law Offices of Stein & Associates, et al., appellants, et al., defendants.


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Brett A. Scher and Amanda R. Gurman of counsel), for appellants.
Alan J. Bennett, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants Law Offices of Stein & Associates and Irene Stein appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 9, 2016. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2012, the plaintiff purchased a penthouse apartment on the seventh floor of a condominium located at 390 Kings Highway in Brooklyn. The plaintiff was represented in that transaction by the defendants Law Offices of Stein & Associates (hereinafter the law firm) and Irene Stein (hereinafter together the defendants). A few months after the closing, the plaintiff became aware that the apartment's second floor was not as described in the certificate of occupancy or the condominium's plan documents. The plaintiff commenced this action against, among others, the defendants, to recover damages for legal malpractice and fraud. After discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the fraud cause of action, but denied that branch of the defendants' motion which was for summary judgment dismissing the legal malpractice cause of action. The defendants appeal from so much of the order as denied that branch of their motion.
A plaintiff seeking to recover damages for legal malpractice must prove that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see McCoy v Feinman, 99 NY2d 295, 301-302; Biberaj v Acocella, 120 AD3d 1285, 1286). A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages (see Iannucci v Kucker & Bruh, LLP, 161 AD3d [*2]959, 960; Betz v Blatt, 160 AD3d 696, 698). The defendant must affirmatively demonstrate the merits of a defense, rather than merely pointing out gaps in the plaintiff's proof (see Iannucci v Kucker & Bruh, LLP, 161 AD3d at 960).
We agree with the Supreme Court that the defendants were not entitled to summary judgment dismissing the legal malpractice cause of action. Although the defendants established their prima facie entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact in opposition. Specifically, the plaintiff submitted evidence that she had informed the defendants, prior to the closing, that the main portion of the apartment was on the seventh floor of the building and that the apartment included a second level. According to the plaintiff, the defendants committed malpractice because they failed to recognize the illegality of the second level, since neither the certificate of occupancy nor the approved condominium offering plan authorized the existence of an eighth floor to the condominium (see id.).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court