Matter of Dering Point Assoc., LLC v Incorporated Vil. of Dering Harbor (2021 NY Slip Op 06353)





Matter of Dering Point Assoc., LLC v Incorporated Vil. of Dering Harbor


2021 NY Slip Op 06353


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-08239
 (Index No. 219/18)

[*1]In the Matter of Dering Point Associates, LLC, et al., appellants, 
v
Incorporated Village of Dering Harbor, et al., respondents.


Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for appellants.
O'Shea, Marcincuk & Bruyn, LLP, Southampton, NY (Wayne D. Bruyn of counsel), for respondents Incorporated Village of Dering Harbor, Board of Trustees of Village of Dering Harbor, and Architectural Review Board of Village of Dering Harbor.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Mark Keurian of counsel), for respondents Brad Goldfarb and Alfredo Paredes.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Board of Trustees of the Village of Dering Harbor dated December 2, 2017, and approved February 2, 2018, granting the application of the respondents/defendants Brad Goldfarb and Alfredo Paredes to maintain a living fence (hedges) on certain real property, and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (David T. Reilly, J.), dated April 16, 2019. The order and judgment granted the motion of the respondents/defendants Brad Goldfarb and Alfredo Paredes and the separate motion of the respondents/defendants Incorporated Village of Dering Harbor, Board of Trustees of the Village of Dering Harbor, and Architectural Review Board of the Village of Dering Harbor to dismiss the amended petition/complaint insofar as asserted against each of them, denied the cross motion of the petitioners/plaintiffs, inter alia, to stay the proceedings, and denied the petition and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioners/plaintiffs, Dering Point Associates, LLC, and Timothy Hogue (hereinafter together the appellants), commenced this hybrid proceeding pursuant to CPLR article 78 to review a resolution of the respondent/defendant Board of Trustees of the Village of Dering Harbor (hereinafter Board) dated December 2, 2017, and approved February 2, 2018, granting the application of the respondents/defendants Brad Goldfarb and Alfredo Paredes to maintain a living fence (hedges) on their property, and to annul a determination of the respondent/defendant Architectural Review Board of the Village of Dering Harbor (hereinafter ARB), which, in effect, likewise approved an application of Goldfarb and Paredes to maintain a living fence (hedges), and [*2]action, inter alia, for declaratory relief. Goldfarb and Paredes moved, and the respondent/defendant Incorporated Village of Dering Harbor, the Board, and the ARB separately moved, to dismiss the amended petition/complaint insofar as asserted against each of them. The appellants cross-moved, inter alia, to stay the proceedings. The Supreme Court granted the respondents/defendants' separate motions, denied the appellants' cross motion, and denied the petition and dismissed the proceeding/action.
It is undisputed that at the time the motions were made and the order and judgment rendered, the applicable zoning laws had changed so that owners of real property located in the Village of Dering Harbor are no longer required to seek or obtain approval to install or maintain living fences (hedges) on their property. As a result, the living fence (hedges) at issue no longer required approval, rendering this hybrid proceeding/action, inter alia, to annul the determination granting approval academic (see C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61; Matter of Truscott v City of Albany Bd. of Zoning Appeals, 152 AD3d 1038, 1039). Further, the appellants failed to establish any of the exceptions to the mootness doctrine (see Quinn v 20 E. Clinton, LLC, 193 AD3d 893, 895). Consequently, the Supreme Court properly dismissed the hybrid proceeding/action as academic.
Likewise, the Supreme Court providently exercised its discretion in denying the appellants' cross motion, inter alia, to stay the proceedings (see Mourtil v Korman & Stein, P.C., 33 AD3d 898, 900; Esposit v Anderson Kill Olick & Oshinsky, 237 AD2d 246, 247).
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court