■ ELECTRONIC SERVICES INTERNATIONAL, INC., Appellant, v RALPH SILVERS, Doing Business as SILVERS INSURANCE AGENCY, Respondent. [726 NYS2d 441] —In an action to recover damages for insurance broker malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated April 14, 2000, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in favor of the plaintiff in accordance herewith.

The plaintiff, Electronic Services International, Inc. (hereinafter ESI), commenced this action in which it alleged, inter alia, that the defendant insurance broker was negligent in obtaining its workers' compensation insurance coverage. Specifically, ESI alleged that the defendant failed to obtain coverage for those employees who worked out of state and, as a result, ESI was required to defend and to pay damages in an action brought by an injured employee who worked in Massachusetts.

Following a trial, the Judicial Hearing Officer determined that the defendant was negligent in obtaining a workers'

compensation insurance policy for ESI from the New York State Insurance Fund which did not cover ESI employees outside New York. However, the Judicial Hearing Officer dismissed the complaint on the ground that ESI failed to prove damages.

ESI proved that the defendant negligently failed to obtain workers' compensation insurance for ESI's out-of-state employees from 1985 to 1989. In addition, the Judicial Hearing Officer erroneously denied ESI an award of damages on the ground that there was insufficient documentary proof of its losses. Proof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs (*see, D'Angelo v State of New York*, 39 NY2d 781; *Austin v Barber*, 227 AD2d 826; *Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934, 935). ESI presented a witness who had firsthand knowledge of the litigation involving the Massachusetts employee. The witness testified that ESI was obliged to pay $50,000 to settle the employee's million-dollar lawsuit, as well as $34,071.91 in attendant legal fees during that two-year litigation. Moreover, ESI proved that it paid the injured Massachusetts worker $12,750 in wages in lieu of workers' compensation benefits between 1988 and 1990, until the employee brought the foregoing lawsuit. However, the defendant's expert offered sufficient proof at trial that ESI saved $19,761 in premiums from 1985 to 1988 because the policy did not cover its out-of-state employees. Accordingly, ESI is entitled to recover from the defendant $96,821.91, plus interest from the dates it paid the above amounts (*see,* CPLR 5001), minus $19,761.

The defendant's remaining contentions either were not raised at trial or are without merit. O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.