■ W.M.S. BUILDERS, INC., Respondent, v NEWBURGH STEEL PRODUCTS, INC., Appellant. [735 NYS2d 802] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered August 16, 2000, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $131,725.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, the plaintiff's proof of damages was legally sufficient to support the jury verdict against it (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). "Proof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs" (*Electronic Servs. Intl. v Silvers,* 284 AD2d 367, 368; *see, D'Angelo v State of New York,* 39 NY2d 781, 782-783). Here, the plaintiff's witness, who was a supervisor at the job site until the plaintiff was terminated, had knowledge of the actual costs (*see, D'Angelo v State of New York, supra*). The plaintiff's failure to offer into evidence any payroll records goes only to the credibility of its witness.

Furthermore, the Supreme Court properly concluded that the defendant waived the defense of improper service by failing

to move to dismiss on that ground within 60 days of January 1, 1997, the effective date of the 1996 amendment to CPLR 3211 (e) (*see, Alaska Seaboard Partners v Anninos,* 259 AD2d 572, 573). Consequently, we do not reach the issue of whether service was properly effected.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.