█ COMPIS SERVICES, INC., et al., Appellants, v JOSEPH A. GREENMAN et al., Individually and Doing Business as RIFKEN, FRANKEL & GREENMAN, P.C., Respondents. [789 NYS2d 369]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 2, 2003. The order granted defendants' motion for summary judgment dismissing the complaint in an action for legal malpractice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for legal malpractice allegedly arising from defendants' representation of plaintiff Compis Services, Inc. (Compis) in its efforts to obtain insurance coverage under two separate policies for losses it sustained as the result of a computer malfunction. Compis previously commenced actions against the carriers who issued those policies, and each carrier successfully moved for summary judgment dismissing the complaint against it on the ground that the actions were not timely commenced within the two-year limitations period set forth in each policy (*see Compis Servs. v Hartford Steam Boiler Inspection & Ins. Co.*, 272 AD2d 886 [2000]; *Compis Servs. v ITT Hartford Ins. Co.*, 272 AD2d 888 [2000]). Plaintiffs allege herein that defendants were negligent in failing to commence those actions in a timely manner or to advise them of the limitations periods set forth in the policies.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. "For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of [the] essential elements of a malpractice cause of action" (*Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303, 303 [1999]). Plaintiffs concede that defendant Joseph A. Greenman did not represent Compis in connection with the underlying disputes with the insurance carriers, and thus the court properly granted that part of defendants' motion with respect to Greenman (*see Rigby v David Share Assoc.*, 8 AD3d 1006, 1007

[2004]). In addition, defendant Philip I. Frankel established that he had no attorney-client relationship with plaintiff Elden E. York, the president and sole shareholder of Compis, and thus the court properly granted that part of the motion seeking summary judgment dismissing the claims of York against Frankel (*see id.*). The remainder of the complaint consists of the claims asserted by Compis against Frankel. Defendants established that Compis would not have succeeded in the underlying actions even absent Frankel's alleged negligence (*see generally McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82 [2001], *lv denied* 96 NY2d 720 [2001]) and that Frankel's alleged negligence thus was not a proximate cause of Compis's alleged loss (*see Perks v Lauto & Garabedian*, 306 AD2d 261, 262 [2003]), and plaintiffs failed to raise a triable issue of fact. The court therefore also properly granted defendants' motion with respect to the claims of Compis against Frankel. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.