10-2028-bk
WDF, Inc. v. Cavalry Construction Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven,

Present:     ROGER J. MINER,
                  JOSEPH M. McLAUGHLIN,
                  ROSEMARY S. POOLER,
                          *Circuit Judges*.

_____

IN RE: CAVALRY CONSTRUCTION[1],

WDF, INC., FEDERAL INSURANCE CO., SEABOARD SURETY CO.,
and jointly and severally ST. PAUL FIRE AND MARINE INSURANCE CO.,
as successor in interest, FIDELITY AND DEPOSIT CO. OF MARYLAND,

                                    *Appellants*,

                    -v-                                              10-2028-bk

CAVALRY CONSTRUCTION INC.,

                                    *Appellees*.

_____

Appearing for Appellants:     Robert Saville, Mount Vernon, N.Y.

_____

[1] The Clerk of the Court is directed to amend the official caption as set forth above.

1

Appearing for Appellant:     John J.P. Krol, Webly, Brady & Greenblatt, LLP, White Plains,
                             N.Y.

        Appeal from the United States District Court for the Southern District of New York
(Karas, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

        WDF Inc., Federal Insurance Company, Seaboard Surety Co., jointly and severally with
St. Paul Fire and Marine Insurance Co., as Seaboard's successor in interest, Fidelity and Deposit
Company of Maryland (together, "WDF") appeal from the May 5, 2010 judgment of the United
States District Court for the Southern District of New York (Karas, *J.*) affirming certain damage
awards in the April 24, 2009 final order and judgment of the United States Bankruptcy Court for
the Southern District of New York (Hardin, *J.*).  We assume the parties' familiarity with the
underlying facts, procedural history, and specification of issues for review.

        Cavalry Construction Inc. worked as a masonry subcontractor to WDF on a variety of
projects for the New York City School Construction Authority (the "SCA").  In July 2007,
Cavalry filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy
Code and continued to conduct business.  In November, 2007, Cavalry commenced an adversary
proceeding against WDF for damages for additional work performed under the relevant
contracts.  WDF cross-claimed against the SCA for indemnification. Cavalry later commenced
separate adversary proceedings against WDF's sureties: Federal Insurance Company, and
Seaboard Surety Co., jointly and severally with St. Paul Fire and Marine Insurance Co., as
Seaboard's successor in interest, Fidelity and Deposit Company of Maryland. The proceedings
were consolidated.  After trial, the bankruptcy court made certain determinations regarding
damages owed to Cavalry and backcharges owed to WDF, and those findings were affirmed by
the district court. *In re Cavalry Const., Inc.*, 428 B.R. 25, 37-42 (S.D.N.Y. 2010). This appeal
followed.

        "We exercise plenary review over the orders of a district court functioning in its capacity
as an appellate court in a bankruptcy case. Thus, we independently review the factual findings
and legal conclusions of the bankruptcy court." *In re Ames Dept. Stores, Inc.*, 582 F.3d 422, 426
(2d Cir. 2009).  "The bankruptcy court's legal conclusions are evaluated de novo; its findings of
fact are subject to a clearly erroneous standard." *Id.*

        WDF argues that the bankruptcy court erred in awarding Cavalry damages because
Cavalry failed to submit sufficient proof of its alleged damages.  WDF argues that the evidence
submitted in support of Cavalry's claims is insufficient, as a matter of law.  To establish its
damages claims at trial,  Cavalry submitted numerous documents labeled "Change Order
Proposal."  Cavalry's president, Kerry Timmons, testified that while labeled "Change Order
Proposals," the documents actually referred to work already performed, not to work being
proposed.  The bankruptcy court was entitled to credit this testimony, and its finding that the
proposals were prepared post-work, not pre-work, is not clearly erroneous.

2

Moreover, under New York law, a contractor may prove its damages claim based solely on oral testimony. *D'Angelo v. State*, 39 N.Y.2d 781, 782 - 83 (1976); *see also Aniero Concrete Co. v. New York City Constr. Auth.*, No. 94 Civ. 9111 (CSH), 2003 WL 21018842, at * 3 (S.D.N.Y. May 5, 2003) (collecting cases); *W.M.S. Builders, Inc. v. Newburg Steel Prods., Inc.*, 289 A.D.2d 567 (2d Dept. 2001) (oral testimony sufficient to support damages claim); *Electronic Servs. Intl. v. Silvers*, 284 A.D.2d 367, 368 (2d Dept. 2001) ("Proof of damages may be based solely on oral testimony as long as the witness has knowledge of the actual costs").

WDF also alleges that the courts below erred in failing to properly calculate its backcharges. To support its claim for backcharges, WDF proffered the testimony of Joseph Zerilly, its site superintendent. Zerilly testified that he compiled "daily reports," and then calculated labor costs by going through his reports, breaking down the hours required for each activity each day, adding them up and multiplying by the labor rate. He checked his daily reports against the certified payroll reports. Based on this testimony, the bankruptcy court awarded WDF $81,885.30. The bankruptcy court rejected WDF's claim for $124,014 in additional surcharges. To support the higher number, WDF submitted handwritten notations on the daily reports made some two to six months after work was complete. The bankruptcy court found the handwritten notations were not credible evidence because they were made months after the work had been completed and at a time when litigation between the parties was anticipated. We see no reason to disturb this credibility determination by the finder of fact.

We have examined the remainder of WDF's claims and we find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3