In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated August 3, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff and his former wife, Nives Montero, married in 1973 in Argentina. They had no children, and, in 2001, the former wife commenced an action for a divorce. In 2005, after several years of litigation, the parties entered into a stipulation of settlement, and they were divorced by a judgment entered in August 2005 and amended a month later (see Montero v Montero, 85 AD3d 986 [2011]). The defendant attorneys represented the *655 plaintiff at that time, but the plaintiff became dissatisfied with the terms of the stipulation and later discharged the defendants and commenced this action against them to recover damages for legal malpractice. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
To meet their initial burden on their motion for summary judgment, the defendants were required to demonstrate, prima facie, either that they did not breach their duty to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession or that any breach of that duty did not proximately cause the plaintiff to suffer actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Bey v Flushing Hosp. Med. Ctr., 95 AD3d 1152, 1153 [2012]; Boone v Bender, 74 AD3d 1111, 1112-1113 [2010]; Sei Young Choi v Dworkin, 230 AD2d 780, 781-782 [1996]). The defendants established, prima facie, both the lack of breach and the lack of proximate cause. Consequently, in order to defeat the defendants’ motion, the plaintiff was required to demonstrate the existence of a triable issue of fact in connection with both matters (see Stukas v Streiter, 83 AD3d 18, 25 [2011]). The plaintiff failed to raise a triable issue of fact as to whether the defendants’ alleged breach of the duty of care proximately caused him to suffer actual and ascertainable damages (see McCoy v Feinman, 99 NY2d 295, 302 [2002]; DeGregorio v Bender, 4 AD3d 385, 386 [2004]). Accordingly, the Supreme Court properly granted the defendants’ motion. Balkin, J.E, Hall, Austin and Cohen, JJ., concur.