# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**930**

**CA 13-00377**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

UTICA CUTLERY COMPANY, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

HISCOCK & BARCLAY, LLP, DEFENDANT-APPELLANT.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (ROBERT A. BARRER OF COUNSEL), FOR DEFENDANT-APPELLANT.

CARL J. COCHI, UTICA, FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered December 13, 2012. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action seeking damages based on defendant's alleged failure to investigate and notify plaintiff in a timely manner of the available insurance covering plaintiff with respect to the underlying lawsuit against it for, inter alia, trade dress infringement. Supreme Court properly denied defendant's motion for summary judgment seeking dismissal of the complaint. To establish a cause of action for legal malpractice, " 'a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care' " (*Phillips v Moran & Kufta, P.C.*, 53 AD3d 1044, 1044-1045; *see generally McCoy v Feinman*, 99 NY2d 295, 301-302; *Williams v Kublick*, 302 AD2d 961, 961).

Defendant moved for summary judgment on the ground that plaintiff had a contractual duty and actual knowledge of the requirement to notify its insurers of the commencement of the underlying action, which superceded any alleged duty that defendant had to plaintiff. We conclude that defendant "failed to meet its burden of establishing as a matter of law that any alleged negligence on its part was not a proximate cause of plaintiff['s] damages" (*New Kayak Pool Corp. v Kavinoky Cook LLP*, 74 AD3d 1852, 1853). Notably, a plaintiff in a legal malpractice action must establish that the defendant law firm was *a* proximate cause of damages, but need not establish that it was *the* proximate cause (*see Barnett v Schwartz*, 47 AD3d 197, 204-205).

Defendant also failed to establish that plaintiff's conduct was an intervening and superseding cause such that defendant's alleged negligence was not a proximate cause of any damages (*cf. Alden v Brindisi, Murad, Brindisi, Pearlman, Julian & Pertz ["The People's Lawyer"]*, 91 AD3d 1311, 1311; *see generally Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304-305).

Contrary to defendant's contention, the court properly denied its alternative request for partial summary judgment on the second and fourth affirmative defenses and dismissal of a particular claim for damages.  Defendant correctly notes that the insurance policies required plaintiff to give timely notice of the underlying action and properly alleges the culpable conduct of plaintiff in failing to give notice in a timely manner to the insurance companies as an affirmative defense (*see generally Arnav Indus., Inc. Retirement Trust*, 96 NY2d at 305 n 2).  On this record, however, defendant has not established that plaintiff was comparatively negligent as a matter of law.  Plaintiff's president explained at his deposition and in his affidavit the reason why he failed to give timely notice to the insurance companies, i.e., he did not believe that the underlying claim was covered by insurance.  Whether that belief was reasonable and negated any culpable conduct on plaintiff's part is for a jury to determine.  We further conclude that defendant failed to establish as a matter of law that the insurance policies would not have covered certain damages paid by plaintiff in the underlying action.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court