# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

899

CA 14-00150

PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

HARRIS BEACH PLLC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EBER BROS. WINE & LIQUOR CORP.,
DEFENDANT-APPELLANT.

---

BOND SCHOENECK & KING PLLC, ROCHESTER (JOSEPH S. NACCA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (JOSEPH D. PICCIOTTI OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered April 25, 2013.  The order granted plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied in accordance with the following Memorandum:  Plaintiff, the longtime general counsel for defendant, commenced this action seeking to recover approximately $750,000 in costs, disbursements, legal fees, and interest thereon for services rendered to defendant in the defense of a tort and breach of contract action in which defendant had been sued (underlying action).  The underlying action was commenced on October 5, 2006, and, at that time, defendant was insured by Illinois National Insurance Company (Illinois National) pursuant to a policy of directors, officers and private company liability insurance (Illinois National policy) effective for the period from March 31, 2006 to March 31, 2007.  The coverage under the Illinois National policy was limited to claims made and reported during the period in which that policy was effective, as was the coverage afforded defendant under a policy of directors, officers, and private company liability insurance issued by National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) for the period from March 31, 2008 to March 31, 2009 (National Union policy).  On August 7, 2008, i.e., approximately two years after the commencement of the underlying action, plaintiff wrote to M&T Insurance Agency, from which defendant had obtained the National Union policy, and, inter alia, tendered the defense of defendant in the underlying action pursuant to what the record reflects was the National Union policy.  Both Illinois National and National Union are part of the AIG group of insurers, and by letter dated September 24, 2008, a claims analyst employed by AIG Domestic Claims, Inc. rejected plaintiff's tender on the ground that it was untimely.

In its answer, defendant denied that it "failed to pay any legal bills justly due to [plaintiff]." Defendant also asserted 10 affirmative defenses, only two of which are relevant on appeal. In the fifth affirmative defense defendant alleged that plaintiff's claims are barred by the doctrine of unclean hands, and in the sixth affirmative defense defendant alleged that any recovery by plaintiff must be reduced by sums presently owing or found to be owed to defendant arising from plaintiff's professional negligence and breach of fiduciary duty. Defendant also asserted two counterclaims, including a counterclaim for professional negligence alleging, in relevant part, that plaintiff was negligent in failing to provide defendant's insurer with timely notice of the claim that was the underlying action. Defendant alleged that, had plaintiff given timely notice of the claim, coverage for defendant in that matter would not have been denied and, "[defendant's] insurer would have advanced the very defense costs that [plaintiff] now seeks to recover from [defendant]." Plaintiff thereafter moved for partial summary judgment dismissing the subject affirmative defenses as well as the subject counterclaim insofar as it is based on the alleged late reporting of the underlying action. Supreme Court granted the motion, and we reverse.

In order to establish legal malpractice by plaintiff, defendant " 'must demonstrate that [plaintiff] failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that [plaintiff's] breach of this duty proximately caused [defendant] to sustain actual and ascertainable damages . . . To establish causation, [defendant] must show that [it] would have prevailed in the underlying action or would not have incurred any damages, but for [plaintiff's] negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442; *see Utica Cutlery Co. v Hiscock & Barclay, LLP*, 109 AD3d 1161, 1161). In the context of this motion by plaintiff for partial summary judgment, the burden was on plaintiff to present "evidence . . . in admissible form establishing that [defendant] is unable to prove at least one of [the] essential elements of a malpractice cause of action" (*Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303, 303; *see Compis Servs., Inc. v Greenman*, 15 AD3d 855, 855, *lv denied* 4 NY3d 709). More specifically, plaintiff was required to establish in this case that, even if plaintiff had timely tendered defendant's defense in the underlying action, defendant's insurer *would not* have furnished defense dollars in the underlying action, and thus that defendant *could not* have been harmed by plaintiff's untimely notice of the underlying action. We conclude that plaintiff failed to do so and that the court therefore erred in granting the motion.

In deciding this issue, we must examine the terms of the Illinois National policy, which was effective at the time of the commencement of the underlying action and pursuant to which plaintiff should have promptly tendered the defense and indemnification of defendant in the underlying action. That contract provides, inter alia, that Illinois National did not assume any duty to defend defendant, but that defendant had the option of either timely tendering its defense to Illinois National or seeking an advance of defense costs from Illinois

National prior to the final disposition of the claim.  If Illinois National advanced defense costs, it was entitled to recoupment of those costs to the extent that defendant was not entitled to payment of the loss in question under the terms of the Illinois National policy.  The Illinois National policy also contains a clause requiring notice "as soon as practicable" and either "during the Policy Period or during the Discovery Period" as a condition precedent to coverage under that agreement.

In spite of that timely notice provision, plaintiff did not tender the defense of defendant to any insurer until August 7, 2008, and it appears from the record before us that plaintiff never tendered the defense of defendant or sought an advance of defense costs for defendant under the Illinois National policy.  As a result of those omissions, plaintiff never asked Illinois National to take a position on coverage for defendant under the Illinois National policy, and thus the record is silent as to how Illinois National would have responded to such a tender.  Indeed, this matter presents a question of claim handling, i.e., how Illinois National would have processed a request for coverage under the Illinois National policy.  Consequently, we conclude that plaintiff did not meet its initial burden on the motion for partial summary judgment (*see Utica Cutlery Co.*, 109 AD3d at 1162; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore reverse the order in its entirety, deny the motion for partial summary judgment, reinstate that part of defendant's counterclaim for professional negligence based on plaintiff's alleged failure to provide defendant's insurer with timely notice of the underlying claim, and reinstate defendant's fifth and sixth affirmative defenses.  We decline to address defendant's remaining contention herein.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court