■ Luis X. Rojas et al., Respondents-Appellants, v Andrew Paine et al., Defendants, Statewide Abstract Corp. et al., Respondents, and Paul Herrick, Esq., et al., Appellants-Respondents. [4 NYS3d 223]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Paul Herrick and Rabin, Panero, and Herrick, LLP, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated June 12, 2013, as, upon so much of an order of the same court entered September 30, 2011, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and upon a jury verdict, is in favor of the plaintiffs and against them in the total sum of $349,247.47, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as awarded them the total sum of only $349,247.47.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs.

In April 2005, the plaintiffs entered into a contract to purchase a one-family house in the Town of Greenburgh from the defendants Andrew Paine and Karen Paine (hereinafter together the Paines). The house was situated on property designated as Lot No. 8 on a subdivision map filed in the Westchester County Clerk's office. The plaintiffs were represented in the transaction by the defendants Paul Herrick and Rabin, Panero & Herrick, LLP (hereinafter together the Herrick defendants). The Herrick defendants ordered a title report from the defendant Statewide Abstract Corp. (hereinafter Statewide). The title report was issued by Statewide as agent for the defendant Stewart Title Insurance Company (hereinafter Stewart Title), which issued a policy of title insurance.

At the closing on June 6, 2005, the Paines delivered to the plaintiffs a bargain and sale deed reciting that the subject property was "the same property" as had been transferred to the Paines by two separate deeds, both recorded in the Westchester County Clerk's office on March 4, 2005. However, the description of the property contained in Schedule A of the deed delivered on June 6, 2005, which had also been annexed to the contract of sale, contained only the description of the portion of Lot No. 8 set forth in one of the two deeds previously recorded on March 4, 2005.

In the fall of 2007, when the plaintiffs sought to sell the

property to a relocation company, a title search revealed that the plaintiffs owned only a portion of Lot No. 8. As a result, the relocation company refused to take title to the property. Thereafter, the plaintiffs commenced this action against several parties. With respect to the Herrick defendants, the plaintiffs alleged that they were negligent in failing to discover that the property had been illegally subdivided, permitting the delivery of the deed to only a portion of the parcel, and failing to discover the existence of the remaining parcel. In an order entered September 30, 2011, the Supreme Court, inter alia, denied the cross motion of the Herrick defendants for summary judgment dismissing the complaint insofar as asserted against them, and the case proceeded to trial. Following the trial, a judgment dated June 12, 2013, was entered in favor of the plaintiffs and against the Herrick defendants in the total sum of $349,247.47.

Contrary to the Herrick defendants' contention on appeal, the Supreme Court properly denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them. To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Biberaj v Acocella*, 120 AD3d 1285, 1286 [2014]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Lever v Roesch*, 101 AD3d 954, 955 [2012]). Here, the Herrick defendants failed to establish, prima facie, that the plaintiffs could not prove that, in failing to discover the discrepancy with the subject parcel, the Herrick defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the breach of this duty was the proximate cause of the plaintiffs' damages (*see Kempf v Magida*, 116 AD3d 736, 736 [2014]; *Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d 716, 717 [2012]; *Scartozzi v Potruch*, 72 AD3d at 790). Accordingly, the Supreme Court properly denied the Herrick defendants' cross motion for summary judgment, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to the Herrick defendants' contention, the testimony of the plaintiff Luis X. Rojas was sufficient to support the award of an attorney's fee in the sum of $98,000. "[L]itigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct can be charged to the attorney" (*DePinto v Rosenthal & Curry*, 237 AD2d 482, 482 [1997]). Moreover, where, as here, the witness has knowledge of the actual costs, proof of damages may be based solely on oral testimony (*see W.M.S. Bldrs. v Newburgh Steel Prods.*, 289 AD2d 567, 567 [2001]; *Electronic Servs. Intl. v Silvers*, 284 AD2d 367, 368 [2001]; *Reed Paving v Glen Ave. Bldrs.*, 148 AD2d 934, 935 [1989]).

To the extent that the Herrick defendants request that we correct a purported error in the recital portion of the judgment indicating that their cross claims against Statewide and Stewart Title were dismissed by the order entered September 30, 2011, we note that their remedy, if any, is to seek appropriate relief in the Supreme Court. We further note that Statewide's contention that the Herrick defendants' cross claims should be dismissed as a matter of law is not properly before this Court, as those cross claims are not the subject of the judgment appealed from and therefore are not a proper issue on this appeal.

The parties' remaining contentions are without merit. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.