■ Luis X. Rojas et al., Respondents, v Andrew Paine et al., Defendants, Statewide Abstract Corp. et al., Respondents, and Paul Herrick, Esq., et al., Appellants. [4 NYS3d 85]—

In an action, inter alia, to recover damages for legal malpractice, the defendants Paul Herrick and Rabin, Panero, and Herrick, LLP, appeal from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 30, 2011, as (1) granted the motion of the defendant Statewide Abstract Corp. for leave to reargue that branch of its prior motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, (2) granted the motion of the defendant Stewart Title Insurance Company for leave to reargue that branch of its prior motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, and (3) denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Motion by the defendant Statewide Abstract Corp., inter alia, to dismiss the appeal from so much of the order entered September 30, 2011, as granted its motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, on the ground that the appellants are not aggrieved by those portions of the order appealed from. Separate motion by the defendant Stewart Title Insurance Company, inter alia, to dismiss the appeal from so much of the order entered September 30, 2011, as granted its motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, on the ground that the appellants are not aggrieved by those portions of the order appealed from. By decision and order on motion of this Court dated June 25, 2012, those branches of the motions which were to dismiss the appeal, in part, were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion of the defendant Statewide Abstract Corp. which is to dismiss the appeal from so much of the order as granted its motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the fifth cause of action insofar as asserted

against it, and upon reargument, granted that branch of its prior motion, on the ground that the appellants are not aggrieved by that portion of the order, is granted; and it is further,

Ordered that the branch of the motion of the defendant Stewart Title Insurance Company which is to dismiss the appeal from so much of the order as granted its motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, on the ground that the appellants are not aggrieved by that portion of the order, is granted; and it is further,

Ordered that the appeal is dismissed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A party is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part," or, when someone "asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (*Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]). Here, the defendants Paul Herrick and Rabin, Panero, and Herrick, LLP (hereinafter together the appellants), are not aggrieved by so much of the order as granted the motion of the defendant Statewide Abstract Corp. for leave to reargue that branch of its prior motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion, and granted the motion of the defendant Stewart Title Insurance Company for leave to reargue that branch of its prior motion which was for summary judgment dismissing the seventh cause of action insofar as asserted against it, and upon reargument, granted that branch of its prior motion (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). Accordingly, the appeal from those portions of the order must be dismissed.

The appeal from so much of the order as denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised by the appellants on the appeal from the portion of the order denying their cross motion are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]) in the related appeal (*see Rojas v Paine*, 125 AD3d 745 [2015]). Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.