■ FRANCISCO DEASSIS JORGE, Respondent, v HECTOR ATILIO MARICHAL, P.C., Appellant. [34 NYS3d 485]—

In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated March 13, 2015, which granted the plaintiff's motion for summary judgment on the complaint and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

To sustain a cause of action alleging legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49-50 [2015]; *Lieberman v Green*, 139 AD3d 815 [2016]). "Proximate cause" in the context of legal malpractice means that the plaintiff would have succeeded on the merits of the underlying action or that the plaintiff would not have sustained actual and ascertainable damages but for the attorney's negligence (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50).

Here, the defendant represented the plaintiff in the plaintiff's unsuccessful attempt to purchase shares in a cooperative apartment. The plaintiff contends that the defendant committed

malpractice by failing to give timely notice of the plaintiff's intention to cancel the contract, and that the defendant's failure to give such notice resulted in the loss of the plaintiff's down payment and other damages.

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, as the evidence he submitted in support of his motion demonstrated the existence of triable issues of fact as to whether he had complied with the provisions of the contract under which he would have had the right to cancel the contract (*see Humbert v Allen*, 89 AD3d 804, 806-807 [2011]). Accordingly, the plaintiff failed to establish, prima facie, that any negligence by the defendant proximately caused his damages. Thus, the plaintiff's motion for summary judgment on the complaint should have been denied, without regard to the sufficiency of the defendant's opposition papers (*see Lauinger v Surf's Out at Kismet, LLC*, 134 AD3d 681, 682 [2015]).

In support of its cross motion for summary judgment dismissing the complaint, the defendant failed to establish, prima facie, either that it did not breach its duty of care to the plaintiff or that its alleged breach was not a proximate cause of the plaintiff's damages (*see Rojas v Paine*, 125 AD3d 745, 746 [2015]; *cf. Alaimo v Mongelli*, 93 AD3d 742, 744 [2012]; *Humbert v Allen*, 89 AD3d at 804). The defendant's remaining contention is without merit (*see Humbert v Allen*, 89 AD3d at 804). Accordingly, the Supreme Court properly denied the defendant's cross motion (*see Rojas v Paine*, 125 AD3d at 746). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.