(March 15, 2017)

■ CATALINA ATIENCIA, Appellant, v BENJAMIN M. PINCZEWSKI, Esq., et al., Respondents. [48 NYS3d 521]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 22, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice is denied.

On April 4, 2001, the plaintiff was a passenger in a vehicle operated by Fabian Cando when the vehicle was involved in an accident with a vehicle operated by Edgar Palaquibay. The plaintiff retained the defendants Benjamin M. Pinczewski and Law Offices of Benjamin M. Pinczewski in April 2001 to commence an action on her behalf to recover damages for injuries allegedly sustained by her as a result of the accident. The defendants commenced an action against Cando on March 31, 2004, days before expiration of the statute of limitations, but failed to commence a timely action against Palaquibay. While the action against Cando was pending, the plaintiff retained new counsel to represent her. The plaintiff ultimately settled the action against Cando for the sum of $10,000.

While her action against Cando was pending, the plaintiff commenced this action against the defendants, alleging, among other things, a cause of action to recover damages for legal malpractice. The defendants moved for summary judgment dismissing the complaint. In the order appealed from the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice. We reverse the order insofar as appealed from.

"To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (*Rojas v Paine*, 125 AD3d 745, 746 [2015]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*,

8 NY3d 438, 442 [2007]; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). "To succeed on a motion for summary judgment dismissing the complaint in a legal malpractice action, the defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one essential element of his or her cause of action alleging legal malpractice" (*Scartozzi v Potruch*, 72 AD3d 787, 789-790 [2010]; *see Suydam v O'Neill*, 276 AD2d 549, 550 [2000]).

Here, the defendants failed to establish, prima facie, that the plaintiff could not prove that, in failing to commence a timely action against Palaquibay, the defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the breach of this duty was the proximate cause of the plaintiff's alleged damages (*see Rojas v Paine*, 125 AD3d at 746; *Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008]; *see also Kempf v Magida*, 116 AD3d 736, 736-737 [2014]; *Gershkovich v Miller, Rosado & Algios, LLP*, 96 AD3d 716, 717 [2012]; *cf. Tooma v Grossbarth*, 121 AD3d 1093, 1095-1096 [2014]). Furthermore, contrary to the Supreme Court's determination, the defendants failed to establish, prima facie, that the plaintiff did not sustain "actual and ascertainable damages" as a result of the defendants' failure to commence a timely action against Palaquibay (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Suydam v O'Neill*, 276 AD2d at 550; *cf. Walker v Glotzer*, 79 AD3d 737, 738-739 [2010]). Accordingly, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for legal malpractice. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.