RICHMOND HOLDINGS, LLC, et al., Appellants, v DAVID S. FRANKEL, P.C., et al., Respondents. [52 NYS3d 672]—In an action to recover damages for legal malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Weiss, J.), entered January 28, 2015, which, upon an order of the same court entered July 2, 2014, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

To sustain a cause of action alleging legal malpractice, a plaintiff must prove that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49-50 [2015]; *Jorge v Hector Atilio Marichal, P.C.*, 140 AD3d 1020 [2016]). Proximate cause in the context of legal malpractice means that the plaintiff would have succeeded on the merits of the underlying action or that the plaintiff would not have sustained actual and ascertainable damages but for the attorney's negligence (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d at 50; *Jorge v Hector Atilio Marichal, P.C.*, 140 AD3d 1020 [2016]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law, as the evidence they submitted in support of the motion demonstrated that they did not breach their duty of care to the plaintiffs and, in any event, any alleged breach was not a proximate cause of the plaintiffs' damages. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether any alleged negligence by the defendants proximately caused the plaintiffs to sustain actual and ascertainable damages.

Accordingly, the Supreme Court properly granted the defend-

ants' motion for summary judgment and dismissed the complaint. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.