■ Bhanmattie Ragunandan, Appellant, v Valmiro Donado, Defendant, and Marco A. Lozada, Respondent. [52 NYS3d 889]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated October 23, 2015, which granted the motion of the defendant Marco A. Lozada for summary judgment dismissing the complaint insofar as asserted against him and denied her cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Marco A. Lozada for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action to recover damages for legal malpractice against, among others, the defendant Marco A. Lozada (hereinafter the defendant), an attorney who represented her at a real estate closing. After discovery was completed, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion.

To recover damages for legal malpractice, a plaintiff must establish, first, that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and, second, that the defendant's failure was a proximate cause of the plaintiff's damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Atiencia v Pinczewski*, 148 AD3d 860 [2017]). In moving for summary judgment dismissing a complaint alleging legal malpractice, the defendant must establish, prima facie, the plaintiff's inability to prove at least one of these elements (*see Rojas v Paine*, 125 AD3d 745, 746 [2015]). If the defendant satisfies that burden, the burden then shifts to the plaintiff to rebut the defendant's prima facie showing (*see Montero v Cohen*, 104 AD3d 654, 655 [2013]; *cf. Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, the defendant's motion papers addressed only the second element of a legal malpractice cause of action, contending that any deficiency in his skill and knowledge was not a proximate cause of the plaintiff's damages. The defendant failed to establish, prima facie, the absence of proximate cause. The fact that another person may have taken advantage of the defendant's allegedly deficient performance to cause damages to the plaintiff did not, under the circumstances of this case, establish, prima facie, that the defendant's alleged deficiencies were not also a proximate cause of her damages (*see Overseas Shipholding Group, Inc. v Proskauer Rose, LLP*, 130 AD3d 415, 415 [2015]; *Utica Cutlery Co. v Hiscock & Barclay, LLP*, 109 AD3d 1161, 1162 [2013]). In light of the defendant's failure to satisfy his prima facie burden on his motion for summary judgment, the Supreme Court should have denied the motion

without regard to the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Rojas v Paine*, 125 AD3d at 746).

The Supreme Court, however, properly denied the plaintiff's cross motion for summary judgment on the complaint. The plaintiff failed to establish, prima facie, that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see Schottland v Brown Harris Stevens Brooklyn, LLC*, 137 AD3d 995, 996-997 [2016]; *Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Eisenberger v Septimus*, 44 AD3d 994, 995 [2007]). In light of the plaintiff's failure to satisfy her prima facie burden, we need not consider the sufficiency of the defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Eng, P.J., Rivera, Balkin and Barros, JJ., concur.