Kaloakas Mgt. Corp. v Lawrence & Walsh, P.C. (2018 NY Slip Op 00282)





Kaloakas Mgt. Corp. v Lawrence & Walsh, P.C.


2018 NY Slip Op 00282


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-01512
 (Index No. 11188/08)

[*1]Kaloakas Management Corp., et al., appellants,
v
Lawrence & Walsh, P.C., et al., respondents.


Andrew Lavoott Bluestone, New York, NY, for appellants.
Furman Kornfeld & Brennan LLP, New York, NY (Andrew S. Kowlowitz and Florence N. Lishansky of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated December 23, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant attorneys represented the plaintiffs in connection with the plaintiffs' dispute with a contractor over renovations at the plaintiffs' diner. The dispute proceeded to arbitration, where the plaintiffs were unsuccessful (see Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807). Subsequently, the plaintiffs commenced this action alleging, among other things, that the defendants committed legal malpractice in representing them in their dispute with the contractor. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
A plaintiff in an action alleging legal malpractice must prove that the defendant's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Ragunandan v Donado, 150 AD3d 1289, 1290). To establish proximate causation, the plaintiff must show that it would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442). In the context of a defendant's motion for summary judgment in a legal malpractice action, the defendant's burden is to establish, prima facie, that the plaintiff is unable to prove that the defendant failed to exercise the requisite skill and knowledge, or that the plaintiff is unable to prove that the defendant's alleged failure proximately caused the plaintiff to suffer damages (see Ragunandan v Donado, 150 AD3d at 1290). If the moving defendant satisfies its prima facie burden, the burden shifts to the plaintiff to rebut the prima facie showing (see id.; Montero v Cohen, 104 AD3d 654, 655; cf. Stukas v Streiter, 83 AD3d 18, 23-24).
Here, the defendants met their burden by establishing, prima facie, that they did not fail to exercise the requisite skill and knowledge in their representation of the plaintiffs. The defendants also established, prima facie, that, in any event, their alleged negligence did not proximately cause the plaintiffs' alleged damages. In opposition, the plaintiffs failed to raise a triable issue of fact (see Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168), since their opposition consisted entirely of speculation and conclusory assertions (see Financial Servs. Veh. Trust v Saad, 137 AD3d 849, 853; Cusimano v Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 118 AD3d 542, 542; Holschauer v Fisher, 5 AD3d 553, 554). Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court