Panos v Eisen (2018 NY Slip Op 02480)





Panos v Eisen


2018 NY Slip Op 02480


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-10570
 (Index No. 3839/14)

[*1]Spyros N. Panos, etc., respondent, 
v
Judith A. Eisen, et al., appellants.


Hinshaw & Culbertson, LLP, New York, NY (J. Richard Supple and Katie M. Lachter of counsel), for appellants.
Gabriel Fischbarg, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 1, 2015. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action against the defendants to recover damages for breach of fiduciary duty.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted, and that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action against the defendants to recover damages for breach of fiduciary duty is denied.
The plaintiff commenced this action against the defendants to recover damages for legal malpractice. The defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for leave to amend the complaint, among other things, to assert a cause of action against the defendants to recover damages for breach of fiduciary duty. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint and granted the plaintiff's cross motion. The defendants appeal.
To meet their initial burden on that branch of their motion which was for summary judgment dismissing the complaint, the defendants were required to "demonstrate, prima facie, either that they did not breach their duty to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession or that any breach of that duty did not proximately cause the plaintiff to suffer actual and ascertainable damages" (Montero v Cohen, 104 AD3d 654, 655; see Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652; Ragunandan v Donado, 150 AD3d 1289, 1290). The defendants established, prima facie, both the lack of a breach of duty and the lack of proximate cause. Therefore, in order to defeat the defendants' motion, the plaintiff had "to demonstrate the existence of a triable issue of fact in connection with both matters" (Montero v Cohen, 104 AD3d at 655; see Stukas v Streiter, 83 AD3d 18, 25). Since the plaintiff failed to raise [*2]a triable issue of fact as to whether the defendants' alleged breach of the duty of care proximately caused him to suffer actual and ascertainable damages, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The Supreme Court should have denied that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action against the defendants to recover damages for breach of fiduciary duty. "Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (APF Mgt. Co., LLC v Munn, 151 AD3d 668, 670). Here, the plaintiff proposed to amend the complaint to assert a cause of action against the defendants to recover damages for breach of fiduciary duty. However, this cause of action is based on the same underlying facts as the legal malpractice cause of action and does not allege distinct damages. Therefore, the proposed breach of fiduciary duty cause of action was duplicative of the legal malpractice cause of action (see Schwartz v Leaf, Salzman, Manganelli, Pfiel & Tendler, LLP, 123 AD3d 901, 902; Keness v Feldman, Kramer & Monaco, P.C., 105 AD3d 812, 813-814; Kvetnaya v Tylo, 49 AD3d 608, 609).
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court