Cruz v Angamarca (2025 NY Slip Op 00906)

Cruz v Angamarca

2025 NY Slip Op 00906

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 26732/17 Appeal No. 3702 Case No. 2023-02174 

[*1]Aderly Ruiz Cruz, Plaintiff-Appellant, Kenyi Suriel et al. Plaintiffs,
v
Manuel Felix Angamarca et al., Defendants-Respondents, Alvardo Castillo Abreu et al. Defendants. [And Other Actions]

Williams Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.
Cullen and Dykman LLP, New York (Danielle B. Hoffmann of counsel), for Manuel Felix Angamarca and Tully Environmental, Inc., respondents.

Appeal from order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 4, 2023, which, to the extent appealed from, in denying the motion of defendants Manuel Felix Angamarca and Tully Environmental, Inc. (together, the Tully defendants) for summary judgment dismissing the complaint as against them, made no determination as to the applicable standard of care, unanimously dismissed, sua sponte, without costs, as plaintiff-appellant Aderly Ruiz Cruz is not an aggrieved party with standing to appeal.
An appeal may be taken only by a party "aggrieved" by an order or judgment (CPLR 5511). Plaintiff is not aggrieved by the order because he did not move for any relief that was denied by the motion court and he successfully opposed the Tully defendants' motion for summary judgment dismissing his claims (see Rojas v Paine, 125 AD3d 742, 744 [2d Dept 2015]). Instead, plaintiff takes issue with Supreme Court's reasoning, which resolved the motion without deciding whether the Tully defendants are entitled to the protection of the reckless disregard standard of care set forth in Vehicle and Traffic Law § 1103(b). However, that the order appealed from "may contain language or reasoning" that plaintiff deems adverse to his interests does not furnish him with a basis for standing to take an appeal (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]; see Edge Mgt. Consulting, Inc. v Irmas, 306 AD2d 69, 69 [1st Dept 2003]; Moore v City of New York, 220 AD3d 767, 768 [2d Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025